**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-2492**

_____

ERNIE S. BALDWIN,

Plaintiff - Appellant,

v.

DUKE ENERGY CORPORATION; DUKE ENERGY BUSINESS SERVICES LLC,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:12-cv-00212-MOC-DSC)

_____

Submitted: September 18, 2014      Decided: September 26, 2014

_____

Before KING, SHEDD, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jonathan Wall, HIGGINS BENJAMIN, PLLC, Greensboro, North Carolina; Kenneth Love Jr., LOVE & DILLENBACK, PLLC, Rural Hall, North Carolina, for Appellant. Stephen D. Dellinger, Molly M. Shah, LITTLER MENDELSON, P.C., Charlotte, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ernie S. Baldwin appeals the district court's order granting summary judgment in favor of Appellees on Baldwin's employment discrimination claims. We have reviewed the parties' briefs and the record on appeal and find no reversible error.[*] Accordingly, we affirm substantially for the reasons stated by the district court. Baldwin v. Duke Energy Corp., No. 3:12-cv-00212-MOC-DSC (W.D.N.C. Nov. 15, 2013). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] Although we agree with Baldwin that the decisionmakers who terminated him were aware he is Jewish, we conclude that the district court properly granted summary judgment on his religious discrimination claim. See Sandlands C & D LLC v. Cnty. of Horry, 737 F.3d 45, 54 (4th Cir. 2013) ("[A]lthough the court must draw all justifiable inferences in favor of the nonmoving party, the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence [to defeat summary judgment]." (internal quotation marks omitted)).